IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| LISA LYLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:15-CV-23 |
| v. | ) |
| | ) |
| GREEN TREE SERVICING LLC, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT GREEN TREE SERVICING LLC'S MOTION TO DISMISS AND COMPEL ARBITRATION**

Pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, Defendant Green Tree Servicing LLC submits this Memorandum in Support of its Motion to Dismiss and Compel Arbitration.

In support of its Motion, Green Tree would state as follows:

### I. INTRODUCTION

Plaintiff Lisa Lyle was employed with Defendant Green Tree Servicing LLC as a Collector from April 24, 2006 through August 14, 2013. At the commencement of her employment with Green Tree, Plaintiff received a copy of Green Tree's Employee Handbook and executed an Employee Acknowledgment and Receipt Form wherein she acknowledged that she had received, read, and understood the policies set forth in the Handbook, including the Arbitration Agreement contained therein.

Plaintiff was separated from employment with Green Tree on or about August 14, 2013. As a result of that separation, Plaintiff ultimately brought this action against Green Tree despite

1

agreeing to the Arbitration Agreement set forth in the Handbook that explicitly covers this action and all of Plaintiff's allegations therein, including her claims under the Americans with Disabilities Act and the Family Medical Leave Act. Thus, for the foregoing reasons and as discussed more fully below, Green Tree moves the Court to dismiss the current proceedings and compel arbitration.

## II. FACTS

On or about April 24, 2006, Plaintiff Lisa Lyle ("Plaintiff") began employment with Defendant Green Tree Servicing LLC ("Green Tree") as a Collector. See Declaration of Clay Borders (hereafter, "Borders Declaration"), which is attached to the Motion as Exhibit A, ¶ 3. At the time she began employment with Green Tree, Plaintiff received a copy of Green Tree's Employee Handbook (the "Handbook"). See Borders Declaration, ¶¶ 3-4. At that time, Plaintiff also executed an Employee Acknowledgment and Receipt Form ("Acknowledgment Form") wherein she acknowledged that she had received, read, and understood the policies set forth in the Handbook, including the Arbitration Agreement contained therein. See Borders Declaration, ¶¶ 3-4.

The Arbitration Agreement is set forth on pages 14 and 15 of the Handbook, under the large, bolded heading of "**Arbitration of Complaints, Disputes, Claims and Causes of Action**." Handbook at pp. 14-15. See Borders Declaration, ¶¶ 3-4, Exh. 1. Specifically, the Arbitration Agreement states that:

> If the Employee Dispute Resolution Procedure does not resolve your complaint, you have the right to arbitration as outlined in the Arbitration Agreement.
>
> In consideration of the establishment or the continuation of your at will employment, you agree that, except for worker's compensation or unemployment compensation benefit claims, any and all complaints, disputes, claims, or causes of action arising out of, or related to, your employment with the Company or the termination of your employment, including, but not limited to, all state and

2

federal statutory employment claims, all contract claims, all tort claims, and all claims regarding the applicability or enforceability of this agreement by you to arbitrate, will be resolved by neutral, binding arbitration conducted by the National Arbitration Forum ("NAF"), under the Code of Procedure of the NAF effective at the time your claim is filed. If the NAF is unable or unwilling to administer the arbitration of your claim, then you agree that the American Arbitration Association will conduct the arbitration. Any arbitration hearing at which you appear will take place at a location near your residence. The arbitrator shall have the power to grant injunctive relief. You agree that no other employee may join or intervene in any of your claims in arbitration and that your arbitration proceeding shall not be consolidated with any other employee's claim. Information about the NAF and its Code of Procedure may be obtained and claims may be filed at the office of the NAF at P.O. Box 50191, Minneapolis, MN 55405, or at www.arb-forum.com. You acknowledge and agree that your employment with the Company involves interstate commerce and this agreement to arbitrate shall be subject to the Federal Arbitration Act, as amended or supplemented. Any award of the arbitrator(s) may be entered as a judgment in any court of competent jurisdiction. You shall bear your own expenses of arbitration, except after you have paid the first $150 for any filing fee, the Company agrees to pay the remainder of the filing fee (up to that filing fee payable for a claim equal to one year's wages for the employee) and for the first two days of any arbitration hearing or session.

YOU UNDERSTAND THAT, ABSENT THIS AGREEMENT TO ARBITRATE, YOU WOULD HAVE THE RIGHT TO SUE THE COMPANY IN COURT, AND THE RIGHT TO A JURY TRIAL, BUT, BY ESTABLISHING OR CONTINUING THE EMPLOYMENT RELATIONSHIP, YOU GIVE UP THOSE RIGHTS AND AGREE TO RESOLVE ANY AND ALL CLAIMS BY ARBITRATION. This arbitration agreement does not preclude the Company from taking any disciplinary action against you (including termination of employment) at any time. This agreement to arbitrate is not a contract of employment, express or implied, and it shall not be construed in any way to change your employment at will status. This arbitration agreement shall survive, and continue to be effective after, the end of your employment relationship with the Company. If any provision of this arbitration agreement is determined to be void or unenforceable, such provision shall be severed and shall not affect the validity or enforceability of the remainder of this agreement.

See Borders Declaration, ¶¶ 3-4, Exh. 1.

On April 24, 2006, Plaintiff executed the Acknowledgment Form, which was one page that contained four paragraphs, the first and third paragraphs of which state that:

> I have received a copy of Green Tree's "Employee Handbook" . . . . I hereby acknowledge and confirm that I have read and understand these policies.

3

N VAS01 1397582 v1
2016792-000029 11/03/2014

Case 3:15-cv-00023   Document 7   Filed 01/22/15   Page 3 of 9 PageID #: 27

> I acknowledge that I had read and understand the Employee Dispute Resolution Procedure contained in the Employee Handbook, including the Arbitration Agreement. I agree to the terms of the Arbitration Agreement. I acknowledge that the Arbitration Agreement is an enforceable contract; that I am waiving the right to pursue claims in court; and that I will accept an arbitrator's award as the final, binding and exclusive determination of all claims covered by the Arbitration Agreeement.

See Borders Declaration, ¶¶ 3-4, Exh. 2.

Despite the Plaintiff's agreement to the Arbitration Agreement, Plaintiff now attempts to seek relief in this Court that should be decided exclusively by arbitration, including her claims under the Americans with Disabilities Act and the Family Medical Leave Act. (See, generally, Cmplt.) Therefore, Green Tree moves the Court to dismiss the current proceedings and compel arbitration.

### III. STANDARD OF REVIEW

"The party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." Morrison v. Circuit City Stores, 317 F.3d 646, 659 (6th Cir. 2003) (citing Green Tree Financial Corp.-Alabama v. Randolph, 531 U.S. 79 (2000)). "In deciding whether to compel arbitration of a federal statutory claim, [the Sixth Circuit] first consider[s] whether the statutory claim is generally subject to compulsory arbitration. If the claim is not exempt from arbitration, we must then consider whether the arbitration agreement is valid." Id. (citing Floss v. Ryan's Family Steak Houses, Inc., 211 F.3d 306, 311 (6th Cir. 2000)).

### IV. ARGUMENT

In the present matter, the Arbitration Agreement expressly requires Plaintiff's claims in this action to be decided in arbitration. See Borders Declaration, ¶¶ 3-4, Exh. 1. Because the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* (the "FAA") governs this matter and all of Plaintiffs claims are within the scope of the Arbitration Agreement, this Court should enforce the

4

N VAS01 1397582 v1
2016792-000029 11/03/2014
Case 3:15-cv-00023   Document 7   Filed 01/22/15   Page 4 of 9 PageID #: 28

binding Arbitration Agreement between the parties, should compel this matter to arbitration, and should dismiss all proceedings in this Court.

### A. The FAA governs Plaintiff's claims, which are generally subject to compulsory arbitration.

When the Plaintiff agreed to the Arbitration Agreement, she agreed that the FAA applies to the interpretation and enforcement of the agreement: "You acknowledge and agree that your employment with the Company involves interstate commerce and this agreement to arbitrate shall be subject to the Federal Arbitration Act, as amended or supplemented." See Borders Declaration, ¶¶ 3-4, Exh. 1. Green Tree therefore brings this Motion under the FAA.

The purpose of the FAA is to relieve congestion in the courts and to provide parties with an alternative method for dispute resolution that is speedier and less costly than litigation. See Allied-Bruce Terminix Cos. v. Dobson, 513 U.S. 265, 278 (1995); Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 31 (1991); Southland Corp. v. Keating, 465 U.S. 1, 7 (1984). By enacting the FAA, Congress established a strong federal policy in support of arbitration agreements, requiring that courts "rigorously enforce agreements to arbitrate." Shearson/Am. Express, Inc. v. McMahon, 482 U.S. 220, 226 (1987) (citations omitted). The FAA's enactment also represents Congress's effort to "reverse the long standing judicial hostility to arbitration agreements . . . and to place arbitration agreements upon the same foot as other contracts." Gilmer, 500 U.S. at 24.

The FAA was enacted pursuant to the power of Congress to regulate commerce "to ensure judicial enforcement of privately made agreements to arbitrate." Stutler v. T.K. Constructors, Inc., 448 F.3d 343, 345 (6th Cir. 2006). In fact, the Supreme Court has roundly endorsed arbitration and explained its benefits in the employment law context:

N VAS01 1397582 v1
2016792-000029 11/03/2014

> We have been clear in rejecting the supposition that the advantages of the arbitration process somehow disappear when transferred to the employment context. Arbitration agreements allow parties to avoid the costs of litigation, a benefit that may be of particular importance in employment litigation, which often involves smaller sums of money than disputes concerning commercial contracts.
> ***
> The considerable complexity and uncertainty that [a broader reading of § 1's exclusion] would introduce into the enforceability of arbitration agreements in employment contracts would call into doubt the efficacy of alternative dispute resolution procedures adopted by many of the Nation's employers, in the process undermining the FAA's pro-arbitration purposes and breeding litigation from a statute that seeks to avoid it. The Court has been quite specific in holding that arbitration agreements can be enforced under the FAA without contravening the policies of congressional enactments giving employees specific protection against discrimination prohibited by federal law; as we noted in Gilmer, 500 U.S. at 26, by agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum.

Cooper v. MRM Inv. Co., 367 F.3d 493, 498-499 (6th Cir. 2004) (citing Circuit City Stores v. Adams, 523 U.S. 105 (2001)). Further, the Sixth Circuit has explicitly affirmed the arbitrability of claims under the Americans with Disabilities Act (see Panepucci v. Honigman Miller Schwartz & Cohn, LLP, 281 Fed. Appx. 482, 488 (6th Cir. 2008)) and the Family Medical Leave Act (see Seawright v. American Gen. Fin., Inc., 507 F.3d 967 (6th Cir. 2007)).

Accordingly, it is clear that the Arbitration Agreement at issue is governed by the FAA and that Plaintiff's claims, including her federal statutory claims, are generally subject to compulsory arbitration. As such, Plaintiff's claims should be compelled to arbitration and these proceedings should be dismissed.

> **B.  The Arbitration Agreement is valid, and Plaintiff's claims fall within the scope of the Arbitration Agreement**.

Section 2 of the FAA provides that an agreement in writing to submit claims to arbitration "shall be enforceable 'save upon such grounds as exist at law or in equity for the revocation of any contract.'" Stutler v. T.K. Constructors, 448 F.3d 343, 345 (6th Cir. 2006)

6

(quoting 9 U.S.C. § 2). A court's determination of the scope of an arbitration agreement is guided by "general state-law principles of contract interpretation," and "due regard must be given to the federal policy favoring arbitration." Volt Info. Sci., Inc. v. Bd. of Trustees, 489 U.S. 475, 475-76 (1989); Pyburn v. Bill Heard Chevrolet, 63 S.W.3d 351, 357 (Tenn. Ct. App. 2001). In Tennessee, the interpretation of a contract is a matter of law. Guiliano v. Cleo, Inc., 995 S.W.2d 88, 95 (Tenn. 1999). Moreover, "the heavy presumption of arbitrability requires that when the scope of the arbitration clause is open to question, a court must decide the question in favor of arbitration." Pyburn, 63 S.W.3d at 357 (internal citations and quotations omitted); See also, e.g., Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983); Highlands Wellmont Health Network v. John Deere Health Plan, 350 F.3d 568, 576-77 (6th Cir. 2003) (Any question relating to the scope of arbitral issues must be resolved in favor of enforcing the agreement to arbitrate).

Further, as discussed, *supra*, the Sixth Circuit has explicitly affirmed the arbitrability of claims under the Americans with Disabilities Act (see Panepucci v. Honigman Miller Schwartz & Cohn, LLP, 281 Fed. Appx. 482, 488 (6th Cir. 2008)) and the Family Medical Leave Act (see Seawright v. American Gen. Fin., Inc., 507 F.3d 967 (6th Cir. 2007)). The Sixth Circuit has also enforced arbitration agreements similar to the one at bar in employment contexts. See, e.g., Cooper v. MRM Inv. Co., 367 F.3d 493, 498-499 (6th Cir. 2004); Morrison v. Circuit City Stores, 317 F.3d 646, 659 (6th Cir. 2003)

In this case, there can be no doubt that Plaintiff's claims are within the scope of the Arbitration Agreement. The Arbitration Agreement requires that Plaintiff submit the following disputes to arbitration:

> [E]xcept for worker's compensation or unemployment compensation benefit claims, any and all complaints, disputes, claims, or causes of action arising out of,

7

N VAS01 1397582 v1
2016792-000029 11/03/2014
Case 3:15-cv-00023   Document 7   Filed 01/22/15   Page 7 of 9 PageID #: 31

or related to, your employment with the Company or the termination of your employment, including, but not limited to, all state and federal statutory employment claims, all contract claims, all tort claims, and all claims regarding the applicability or enforceability of this agreement by you to arbitrate . . . .

See Borders Declaration, ¶¶ 3-4, Exh. 1.

The allegations in the Complaint fall under the Arbitration Agreement because they are all federal statutory claims that arise out of or are related to Plaintiff's employment with Green Tree. (See Cmplt. at ¶¶ 1-31.) Therefore, all of Plaintiff's claims against Green Tree clearly fall within the scope of the Arbitration Agreement and should be compelled to arbitration.

Based on the foregoing, Green Tree has conclusively established that Plaintiff's claims are generally subject to compulsory arbitration and that the Arbitration Agreement is valid. Thus, the Court should enter an order compelling this matter to arbitration and dismissing all proceedings.

## V. CONCLUSION

For the foregoing reasons, Green Tree moves this Court to Compel Arbitration and dismiss these proceedings.

Dated this 22nd day of January, 2015.

        Respectfully submitted,

        By: s/ Klint Alexander_____
        Klint Alexander (#020420)
        V. Austin Shaver (#026581)
        BAKER, DONELSON, BEARMAN,
        CALDWELL & BERKOWITZ, P.C.
        211 Commerce Street, Suite 800
        Nashville, Tennessee 37201
        (615) 726-5600
        (615) 726-0464 - facsimile
        kalexander@bakerdonelson.com
        vshaver@bakerdonelson.com

        *Attorneys for Defendant Green Tree Servicing LLC*

8

N VAS01 1397582 v1
2016792-000029 11/03/2014

Case 3:15-cv-00023   Document 7   Filed 01/22/15   Page 8 of 9 PageID #: 32

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and exact copy of the foregoing Memorandum in Support of Motion to Dismiss and Compel Arbitration has been served upon the following parties in interest herein by mailing same to the offices of said parties by United States Mail with sufficient postage thereon to carry the same to its destination or by facsimile or by hand delivery.

    Andy L. Allman, Esq.
    ANDY L. ALLMAN & ASSOCIATES
    103 Bluegrass Commons Blvd.
    Hendersonville, Tennessee 37075

    Attorney for Plaintiff

This 22nd day of January, 2015.

    s/ Klint Alexander_____
    Attorney